UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Plaintiff, | § § | |
| V. | § § | CAUSE NO: SA-13-CR-153 OG |
| DANIEL ISAIAH THODY | § § § | |
| Defendant. | § | |

**MOTION TO QUASH INDICTMENT**

Defendant, DANIEL ISAIAH THODY, acting pro se, hereby MOVES the Court in the instant case, in accord with Federal Rules of Criminal Procedure, to Quash the criminal indictment therein, for cause and in support thereof shows the following:

I

Indictment fails to state an offense. This objection is limited to a legal analysis, which requires that the indictment be carefully scrutinized in order to separate its mere conclusions of law from its properly pleaded facts.

Such statements as "resident of the Western District of Texas", "taxable income", "income tax due and owing", "required by law", "nominee company", "his business", "true and correct income" are mere conclusions of law, and stripped of these legal conclusions, the indictment does not state facts charging an offense.

If the plaintiff has no competent evidence which would support a legal conclusion that defendant was a "resident of the Western District of Texas", had a "taxable income", "income tax due and owing", was "required by law", that WET Publishing was a "nominee company" and

"his (defendant's) business'", that a "true and correct income" was required to be revealed, then it has no right to hold defendant for trial.

II

Defendant is not within the jurisdiction or purview of the Title 26, United States Code, much less within the purview of Section 7201 which appears in the indictment. Plaintiff has nowhere established that any such jurisdiction exists, absent which the indictment is without any foundation.

III

Plaintiff acknowledges that its determinations of "business expenses" which it utilized as the basis for its "tax calculation" were based on business records seized pursuant to two separate alleged search warrants.

The first alleged SEARCH AND SEIZURE WARRANT (Exhibit A) allegedly for Case No. SA-10-M-957, dated 10/20/2010, by which was obtained "images" of 10 computer drives and 1,337 photographs of miscellaneous items and documents from the premises of the Daniel I. Thody home and WET Publishing office, on October 27, 2010, was alleged to be a search related to a violation of 26 U.S.C. § 7201 and § 7203, based on the attached affidavit.

The attached affidavit is notably deficient by virtue of the failure by the affiant to identify that the target was subject to 26 U.S.C., much less the Sections 7201 and 7203 and therefore had a liability to 26 U.S.C. (Sections 7201 and 7203). Such an affirmation (if made) must be of affiants own personal knowledge. It cannot be related by someone else.

Additionally, the affidavit makes numerous legal conclusions, which are contradictory to the facts presented in the document and are not supported by any evidence presented in the affidavit. Examples include, but are not limited to, that Daniel had "employment as a contractor"

when it is identified that the contractor so referenced was "WET Publishing"; that Daniel gave UCE a book explaining "tax evasion" when section 14 of the affidavit clearly shows "tax avoidance"; that Daniel never filed a return for U.S. government contracts when no contracts exist or have been identified between Daniel and the U.S. government, that Daniel provided details of "tax evasion" scheme, when again section 14 of the affidavit clearly shows "tax avoidance" not evasion and section 15 of the affidavit clearly indicates lack of a critical element of "evasion", i.e. belief that a tax is owed.

Section 17 of the affidavit affirms that tax returns were not filed for numerous years, but makes no attempt to establish that any legal requirement existed(s) to make such filings.

The second alleged SEARCH AND SEIZURE WARRANT (Exhibit B) allegedly for Case No. SA-11-959M, dated 11-4-11, by which was obtained $26,780 worth of (**known**, by IRS SPECIAL AGENT SEAN SCOTT who executed such act, **to be secured**) computer hardware, software, and hard copy records from the premises of Daniel I. Thody home and WET Publishing office, that date was a forgery;

U.S. Department of Justice, Executive Office for United States Attorney, Assistant Director Susan B. Gerson, on "MAY 14, 2013", in response to F.0.I.A. Request Number 12-3129, (Exhibit C) (a request in accord with Constitutional Amendment IV for the oath or affirmation of probable cause for issuance of such alleged WARRANT in Case No. SA-1l-959M) received by that office on 8-8-12, stated that "A search for records located in the United States Attorney's Office(s) for the Western District of Texas has revealed no responsive records regarding the above subject. Please note. After review of the file, it was determined that there was no search warrant for that case." (emphasis added); and though no information within such stolen materials could properly be construed as inculpatory, even if it was, having been

obtained by forgery, fraud, and theft, per Federal Rules of Evidence, the information is inadmissible in any case.

IV

Plaintiff was in receipt of (as of on or about Nov. 2, 2011) the attached document # DIT-110111-CAFV (Exhibit D) and did not respond to it, with the effect of the non-response being an agreement by the plaintiff that defendant named in the indictment, among other things, "had no duty ... to file a return or pay a tax" and that they (plaintiff) "have no right to pursue collection" and "have no claim against. .. DANIEL I THODY".

Since the plaintiff has previously agreed that among other things, defendant "had no duty to file a return or pay a tax" and that they "have no right to pursue collection" and "have no claim against ... DANIEL I. THODY", then it cannot have a valid indictment against the defendant.

V

Indictment alleges violation of 26 U.S.C. § 7201, which is believed by defendant to be a statute within the "Code", for which no specific implementing regulation exists. (26 U.S.C. 7805(a)"... the Secretary shall prescribe all needful rules and regulations for the enforcement of this title.") ("For Federal tax purposes, federal regulations govern." Dodd v. United States, 223 F Supp 785, Lyeth v. Hoey, 305 US 188, 59 S. Ct 155)  The Internal Revenue Code is not self-executing.  A statute in the IRC only authorizes the Secretary to promulgate an implementing regulation.  If the Secretary does nothing, that statute imposes no duties and confers no criminal or civil penalties.  ("...the Acts's **civil and criminal penalties attach only upon violation of regulation** promulgated by the Secretary; **if the Secretary were to do nothing**, **the Act itself would impose no penalties on anyone** ... The  government urges that since **only those who violate these regulation (not the Code) may incur civil or criminal penalties**, it is the **actual**

**regulation** issued by the Secretary of the Treasury and **not** the broad authorizing language of the **statute**, which is to be tested against the standards of the 4th Amendment." Calif. Bankers Assoc. v. Shultz, 416 US 25,44, 39 L Ed 2d 812, 94 S Ct 1494) (emphasis added)

§ 7201 Tax Evasion has NO implementing Regulations pertaining to Individual Income Taxes (Part 1 taxes)

"Although the relevant statute authorized the Secretary to impose such a duty, his implementing regulations did not do so. Therefore we held that there was no duty to disclose ..." United States v. Murphy, 809 F.2d 142, 1431

If no implementing regulation exists, no duties or violations thereof can be imposed by the statute, and therefore no basis exists for a valid Indictment.

## CONCLUSION

Whereas the Indictment fails to state an offense, and establish jurisdiction over the defendant, and no admissible evidence being available upon which to predicate a valid Indictment, and plaintiff previously agreed that defendant had no duty re: the alleged violations in the Indictment and had no claim on the defendant, and there being no implementing regulation to enforce the statute which the Indictment alleges violation of, the Indictment in the instant case must be squashed.

Note: if any response, other than granting of motion to quash indictment, is supplied, all numbered points shall be specifically and individually addressed as to their merits or lack thereof in detail equivalent to that supplied in the point being addressed.

Since each point has sufficient basis on its own merit to support the granting of the motion to quash the indictment, any one point not invalidated for any reason shall be reason for the court to grant the motion and squash the indictment. It is under the foregoing auspices that

defendant requests that, if plaintiff chooses to oppose this motion, plaintiff address each of the aforesaid points individually as well as the totality of the motion for the full and fair consideration of this honorable court.

General acquiescence, or non-response by plaintiff will constitute plaintiffs agreement and formal acceptance of each point and conclusion raised herein by defendant, and that the motion should be granted.

Date: July 16, 2013

Respectfully submitted,

/S/_____
DANIEL ISAIAH THODY, Debtor, pro se, by

without prejudice

/S/_____
Daniel Isaiah Thody, Secured Party, Creditor

/