UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. SA-13-CR-153-OG |
| | ) |
| DANIEL ISAIAH THODY, | ) |
| | ) |
| Defendant, | ) |

## MOTION TO COMPEL RESOLUTION OF OBJECTIONS
## TO PSI/PSR PRIOR TO SENTENCING HEARING

Comes now defendant, DANIEL ISAIAH THODY, in the above entitled and numbered cause, by and through its Secured Party, and pursuant to Rule 32(g) of the Federal Rules of Criminal Procedure and §6A1.2. of the Federal Sentencing Guidelines, does hereby MOVE the court to compel conference resolution of objections (issues in dispute) which were submitted re PSI/PSR prior to sentencing hearing. In support of this motion the Court is shown as follows:

### I.

Whereas the extension to the sentencing date from March 27, 2014 C.E. to April 24, 2014 C.E. (and apparently also the subsequent extensions – now to June 5th) was prompted by a request from the probation officer responsible for the creation of the Presentence Report/Guideline Worksheet specifically for the purpose of allowing her time to review and address the twenty-six (26) objections which were submitted to her, AND in light of the fact that despite her statement to the defense that she would address all of the objections in writing, present them to the defense for review and the following day would enter into conference for the resolution of them, and that the defense would then be given the revised PSI/PSR to review prior to sentencing, THAT there has been no apparent action taken by her to do any of those things, prior to June 2, 2014 (a mere 3 days prior to the currently scheduled sentencing hearing – **not** the seven days specified in Rule 32(g)) AND the attempted resolution of some of the objections in an open court setting, being very likely prejudicial to the defense, both from the public exposure

aspect involved and from the potential for prejudicial information to unnecessarily influence the court, were it to be resolved/removed from the report, without the courts involvement in the details surrounding the issues; it is requested that the court compel the probation officer to attempt to resolve all of the objections, supply specific documents in support of the grounds for the objections not being accepted by her (see Rule 32(g) "the grounds for those objections") [Note that Probation Officer has stated to defense that she is relying on documents NOT discovered or otherwise supplied to the defense by the government AND repeatedly refers to information obtained from 'case agents' for which no documentary evidence is apparently intended to be provided or alleged to exist – the apparent standard (in her mind) being that anything that a case agent may state can be included in the report, regardless of its verifiability or accuracy, or contradiction with documented evidence] and supply a resultant report to the defense for review sufficiently prior to the sentencing hearing for any new or continuing issues to be raised and dealt with if necessary. NOTE that the allegedly revised report dated June 2, 2014 has only one of eight allegedly included revisions – ref the ADDENDUM – actually included in the revised report (see Dkt. # 122-1 page 3 bottom "PROBATION OFFICER'S RESPONSE TO OBJECTION EIGHT:" for the one revision which made it into the revised report – all others are NOT in the revised report.)

Additionally, for all issues not resolved in conference, in accordance with USSG § 6A1.3 Commentary, an evidentiary hearing is required to resolve defendant's objections, and such is hereby demanded by the defense prior to sentencing.

## CONCLUSION

Defendant therefore, premises considered, respectfully moves this court to compel the probation officer to have a conference to resolve the objections and to comply with §6A1.2.(c) of the Federal Sentencing Guidelines prior to the sentencing hearing in order to avoid prejudice to the defense AND to conduct such evidentiary hearings as necessary to resolve defendant's objections to any issues not resolved in conference.

Respectfully submitted,

_Daniel Isaian Thody_

DANIEL ISAIAH THODY, Debtor, pro se, by

without prejudice

_____
Daniel Isaiah Thody, Secured Party, Creditor