UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. SA-13-CR-153-OG |
| | ) |
| DANIEL ISAIAH THODY, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned Attorney, hereby files its Sentencing Memorandum, and states:

The Defendant was convicted by the jury for five counts of evading income taxes in violation or 26 U.S.C. § 7201 for the 2006 through 2010 tax years.

### Defendant's Objections to the Presentence Investigative Report

The Defendant raises numerous objections to the Presentence Investigative Report (PSR). The PSR as amended is accurate based on the credible evidence presented at trial, including that of the undercover FBI agent, the IRS Criminal Investigation agent, and the IRS Revenue Agent, and such other evidence discovered by the case agent and made part of his reports.

Many of the Defendant's objections have absolutely no meaningful impact on the sentencing guidelines or the calculations put forth in the PSR. In particular, Defendant's objections numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 17,18, 19, 20, 21, 22, 23, 24 have no impact on the guideline calculation. The Defendant's proposed changes and factual allegations set forth in his objections, many testified and argued by the Defendant at trial, were put forth to the jury; the jury after hearing the Government's evidence and the Defendant's found the Defendant not to be

credible. Some of the Defendant's objections, such as number 25 and 26 make no sense at all and also do not affect the guideline calculation. The PSR as amended correctly sets forth the relevant facts.

While the Defendant may offer evidence at his sentencing going to relevant legal issues, which the Court could allow through proffer or references to the trial testimony, it is in the Court's discretion to limit the Defendant to matters that have a legal bearing on his ultimate sentence. The Defendant is certainly entitled and must be allowed full allocution following the resolution of the legal issues and before the Court imposes sentence.

The only objections that the defendant raises that change the guideline calculation are his objections 10, 11, 13, 14, and 16. The Probation Officer correctly has denied these objections by the Defendant as the credible evidence clearly supports the PSR's findings. In regard to Defendant's objection number 10 relating to enhancements for Obstruction of Justice, and objection numbers 11 and 16 relating to the denial of points for Acceptance of Responsibility, the Defendant testified under oath before the jury and perjured himself about his actions, his motives, and the facts of the case; the jury, had it believed the defendant, should have and would have acquitted him. The Defendant further obstructed justice by refusing to turn over the records to WET Publishing despite his claims that the company was his father's thereby ending any Fifth Amendment privilege he could claim. Section 3C1.1 of guidelines clearly set forth that if a defendant obstructs justice, his guideline level should be enhanced and he should be denied a reduction for acceptance of responsibility.

In regard to Defendant's objection number 13, the trial evidence clearly supports the PSR's conclusion that the Defendant failed to report the source of income exceeding $10,000 for each year.

2

In regard to Defendant's objection number 14, the trial evidence clearly supports the PSR's conclusion that the Defendant used sophisticated means to perpetrate his tax evasion by using a sham company, WET Publishing, and hiding funds using his daughter's bank account. Thody told the undercover FBI agent (UCE) that he used WET Publishing to hide his connection to his income from the IRS. In the case at hand, each time Thody executed a DoD contract in the name of WET Publishing, a nominee company with no apparent ties to Defendant, he was committing an affirmative act of evasion. It was an affirmative act of evasion each time Thody used his daughter's bank account to run his DoD income through after IRS had seized Thody's individual bank account.

## Grounds for Variance

Under Title 18, United States Code, Section 3553, the Court may consider the following facts when imposing a sentence:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;

In *United States v. Saldana*, the Fifth Circuit found that the district court's seven-level upward departure in sentencing a tax protestor was reasonable stating

> We conclude that the district court did not abuse its discretion in deciding to upwardly depart because its orally stated reasons address § 3553(a)'s directive to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and represent aggravating circumstances that take Saul's conviction "out of the heartland" of § 2T1.1. The district court properly relied on evidence presented at trial and in the PSR in making its factual determinations, namely, the number of counts

and the fact that Saul's behavior caused greater aggravation and harm than the typical defendant sentenced under U.S.S.G. § 2T1.1. Accordingly, the decision to upwardly depart was reasonable.

427 F.3d 298, 312 (5th Cir. 2005).  The Fifth Circuit went on to state

The district court's reasons for its upward departure were not unreasonable—indeed, deterrence, promoting respect for the law, and the seriousness of the offense were factors that the court was required to consider under 18 U.S.C. § 3553(a).

*Id.* at 315 -316.

In the instant case, the United States respectfully requests that this honorable Court grant an upward variance to reflect the seriousness of the crime, to promote respect for the law, and to provide a just punishment.  As demonstrated throughout this criminal matter, the Defendant has refused to admit the wrongfulness of his actions and continues to show his contempt for the law and the Court's jurisdiction over him.  A higher sentence above the guidelines will provide specific deterrence to the Defendant for future criminal conduct and punish him for his charged illegal activity.  Furthermore, because the Defendant continue to espouse his false tax protestor redemption theory, an upward variance would serve as a general deterrence to those individuals participating currently or in the future from similar of illegal activity.

    Respectfully submitted,

    ROBERT PITMAN
    United States Attorney

    _____/s/_____
    MARK T. ROOMBERG
    Assistant United States Attorney
    State Bar 24062266
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    (210) 384-7100

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July 2014, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Alfredo Villarreal, Esquire
Alfredo_Villarreal@fd.org

I hereby certify that a true and correct copy of the foregoing instrument was hand-delivered to the following non-CM/ECF participant:

Daniel Thody
GEO-Central Texas Detention Facility
218 South Laredo Street San Antonio , TX 78207

/s/
MARK T. ROOMBERG
Assistant United States Attorney